Floyd W. Bybee, SB 012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Jordan Burr;<br><br>         Plaintiff,<br><br>v.<br><br>TrueAccord Corp.,<br><br>         Defendant. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

## I. Preliminary Statement

1. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. Plaintiff seeks to recover statutory damages, actual damages, costs and attorney's fees.

## II. JURISDICTION

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331.

Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

### III.  PARTIES

3. Plaintiff resides in Maricopa County, Arizona.
4. Plaintiff is a natural person who is allegedly obligated to pay a debt.
5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).
6. Defendant TrueAccord Corp. ("TrueAccord") is a Delaware corporation.
7. TrueAccord collects or attempts to collect or attempt to collect debts owed or asserted to be owed or due another.
8. TrueAccord is licensed as a third party collection agency by the Arizona Department of Financial Institutions, license number 0931934.
9. TrueAccord is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

### IV.  Factual Allegations

10. In or about May 2016, Plaintiff was offered a payday loan over the internet from Loan At Last.
11. Loan At Last is payday lender located outside the state of Arizona.
12. Loan At Last offers high interest short-term loans (payday loans) to Arizona consumers over the internet.
13. Plaintiff accepted the loan from Loan At Last.

14. The proceeds from the Loan At Last loan were used primarily for personal, family, or household purposes.
15. Plaintiff subsequently defaulted on his payments to Loan At Last on the account.
16. TrueAccord claims that was assigned the alleged debt for collection purposes.
17. Prior to June 30, 2010, Arizona law allowed consumer lenders to make high interest payday loans with Arizona consumers.
18. However, A.R.S. §§ 6-601 *et seq.* required such consumer lenders to be licensed by the Arizona Department of Financial Institutions.
19. The Arizona law which permitted payday loans expired on June 30, 2010.
20. Pursuant to A.R.S. § 6-613(B), any loan made by a consumer lender that is not licensed by the Arizona Department of Financial Institutions, but is required to be, including out-of-state lenders, is void.
21. At the time Loan At Last lent money to Plaintiff, Loan At Last was a consumer lender who was required to be licensed by the Arizona Department of Financial Institutions, but was not. *See* A.R.S. §§ 6-601(5) and 6-603(A).
22. Thus, any payday loan issued by Loan At Last to Plaintiff is void under A.R.S. § 6-613(B).
23. On September 13, 2016, TrueAccord sent a collection letter via email to Plaintiff in an attempt to collect the Loan At Last payday loan.
24. In the letter, TrueAccord stated that the amount owed was $983.52,

      which includes "$700.00 in principal, $233.52 in interest and $50.00 in fees."

25. At the time it sent the letter, TrueAccord knew or should have known that the debt it was attempting to collect was void and not collectable under Arizona law.

26. At the time TrueAccord sent the September 13, 2016 letter, the alleged debt was void and uncollectible under Arizona law.

27. At the time TrueAccord sent the September 13, 2016 letter, TrueAccord knew that the debt was void under Arizona law.

28. As a result and proximate cause of Defendant's actions, Plaintiff has suffered damages.

## V.  CAUSES OF ACTION

### a.  FIRST CLAIM FOR RELIEF
### (Violation of FDCPA)

29. Plaintiff incorporates by reference paragraphs 1 though 27.

30. Defendant's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f, and 1692f(1).

31. As a direct result and proximate cause of Defendant's actions in violation of the FDCPA, Plaintiff has suffered actual damages.

## VI.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1  a) Actual damages to be determined by the jury;

2  b) Statutory damages to be determined by the jury;

3  c) Attorney's fees;

4  d) Costs and expenses incurred in this action; and

5  e) Such other relief as may be just and proper.

7  DATED July 20, 2017.

        s/ Floyd W. Bybee
Floyd W. Bybee, SB 012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff